Hamilton County Common Pleas. April 1893.

CORBLEY et al. v. PATTERSON, et al.

---

*Meaning of words "Pro Rata" and "Heirs".*

A testators' will provided for the following disposition of his property, by several specific bequests as set forth in the opinion. The residuary clause of the will orders the residue, if any, to be divided "in a pro rata rate between the heirs named in my will."

In the construction of such will, Held:

1. The words "pro rata" in the residuary clause, are equivalent to providing for an equal division among the heirs.

2. The heirs must take per stirpes, and not per capita.

3. The Humane Society, Widows' and Old Men's Homes and Children's Home cannot be classed as heirs to share in the residum.

The residuary clause of the will of J. B. Corbley, of Mt. Washington, orders the residue if any, to be divided "in a pro rata rate between the heirs named in my will." The contention is over the meaning of the words pro rata and heirs. The will gives:

1. To the heirs not named of testator's sister, Margaret, about $4,000.

2. To his sister, Rebecca, if living at his death, $2,000, and if not living, this is to be divided among her four heirs, not naming them.

3. To the heirs of his sister, Harriet, $2,000.

4. To his sister, Elizabeth, if living at his death, $2,000; otherwise to her heir.

5. To his brother, Samuel, $2,000, if living at his death; otherwise to his heirs.

6. To the two heirs of his deceased brother, Wilson, $1,000 each; and here for the first time he names the heirs.

So far he has named six classes of heirs, giving one about $4,000, and the others $2,-000 each; but in only one case does he name those heirs and separate the amount to each. He then devises separate tracts of land to each class to whom but $2,000 is left but none to the 4,000 heir. He then gives $1,000 to the Humane Society, $1,000 to the Widows' and Old Men's Homes, and $500 to the Children's Home.

---

BATES, J.

I. I rejected evidence of declarations of the testator, that he intended to treat each brother and sister, or their heirs, equally. But I admitted evidence that the parcels of land devised to each was approximately equal in value, being each worth about $2,-000, and also the testator's declarations, that considered the parcels as about equal.

This evidence shows that the word "pro rata" in the residuary clause, are equivalent to providing for an equal division among the heirs.

II. The next question is, who are the heirs? Now, in Huston v. Crook, 38 Ohio St., 328, and McKelvey v. McKelvey, 43 Ohio St., 213, the residuary clauses required an equal division of the residue among the aforesaid heirs, and those who had been named in the body of the will, where children and grand-children in one case, and various nephews and nieces in the other, to each of whom individually, and by name, and without reference to his or her parentage, specific sums had been bequeathed, and it was held that they took under the residuary clause per stirpes, and not per capita, each standing as an equal heir.

But in the case at bar the children of deceased brothers and sisters are called the heirs of the deceased brother or sister, and receive their shares in the capacity of such heirs by reason of their parentage, and not separately, or by name, with but one exception, and each family is remembered as a class in separate paragraphs. It follows to my mind that the rule laid down in the two foregoing citations does not apply by reason of this distinction, and that the heirs must take per stirpes, and not per capita.

III. Of course, the testator had no heirs at the time he wrote the will, for he was

not then dead; but the brothers and sisters or their children were his heirs apparent. The Humane Society, Widows' and Old Men's Homes and Children's Home, were not heirs apparent, and cannot be classed as heirs to share in the residum. The same fact occurred in the McKelvey case, supra, where the facts show that twenty-three bequests were made, twenty-one to heirs, those who would be heirs, one to a person not a heir, and one to a church. The court ordered the residnum to be divided into twenty-two equal parts. They must therefore, have excluded the person not an heir, or the church; it is not stated which; but the exclusion of either supports the conclusion reached above.

Tugman & Baker, for Executors.

E. P. Bradstreet and Nathaniel H. Davis for Heirs.